78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto Rene MONTOYA-ULLOA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Rene Montoya-Ulloa, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing Montoya-Ulloa's appeal of the Immigration Judge's ("IJ") denial of Montoya-Ulloa's requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 To be eligible for asylum, Montoya-Ulloa must show "either past persecution or a 'well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992) (citation omitted).
 
 
 4
 We review factual findings underlying the BIA's asylum determination for substantial evidence and will reverse only if "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (citation & internal quotations omitted).
 
 
 5
 Montoya-Ulloa contends that substantial evidence in the record demonstrates his well-founded fear of persecution upon his return to Nicaragua.[1] He also contends that the BIA and IJ erred by failing to give proper weight to evidence concerning the country conditions in Nicaragua. These contentions lack merit.
 
 
 6
 At the IJ hearing, Montoya-Ulloa claimed that he fears persecution by the Sandinistas upon his return to Nicaragua on account of his participation in marches and demonstrations of the Independent Liberal Youth Organization, an anti-Sandinista group. He claimed that, after one demonstration in 1984, he was arrested, interrogated, and incarcerated for two days. He claimed that his family was denied food coupons in retaliation for supporting the former Somoza regime and that Sandinista groups threw stones at his family's house.
 
 
 7
 The BIA reviewed the evidence Montoya-Ulloa offered concerning the country conditions in Nicaragua and concluded that Montoya-Ulloa did not present evidence sufficient to establish that he has a well-founded fear of persecution upon return to the new government in Nicaragua.
 
 
 8
 We deny the petition for review because the evidence presented by Montoya-Ulloa would not compel a reasonable factfinder to find the requisite fear of persecution. See Shirazi-Parsa, 14 F.3d at 1427. Because Montoya-Ulloa failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (citation & internal quotation omitted).
 
 
 9
 We deny Montoya-Ulloa's request for attorney's fees under the Equal Access to Justice Act because he has not prevailed in this petition. See 28 U.S.C. § 2412(d).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Montoya-Ulloa's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Montoya-Ulloa failed to appeal the BIA's findings regarding past persecution. Accordingly, we will not address that issue